Devaney v. The Standard Co., 159 Ill. App. 25.

## Michael Devaney, Appellee, v. The Standard Company, Appellant.

### Gen. No. 15,436.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly against its weight.

HOLDOM, J., dissenting.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed November 28, 1910.

MORSE IVES, for appellant.

B. J. WELLMAN, for appellee; ARTHUR A. HOUSE, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the Standard Company, defendant, from a judgment for the plaintiff for $2,000 recovered in an action on the case for personal injuries. Plaintiff was injured January 19, 1902. He brought his action against the Otis Elevator Company August 27, 1903, made the defendant and E. T. Harris additional defendants November 11, 1903, discontinued as to the Otis Company and filed his declaration against appellant and Harris November 19, 1903. March 29, 1907, he discontinued as to all of the defendants except appellant. October 24, 1907, he filed an additional count and appellant filed a plea of not guilty and a special plea of the five years statute of limitations to the additional count. To the special plea a demurrer was sustained.

We think that the original count stated a cause of action against appellant; that the additional count restated the same cause of action, and that the court did not err in sustaining the demurrer to the special plea.

We find no error in the rulings of the court on the evidence or on the instructions.

Appellant further contends that the court erred in denying its motion for a new trial because the evidence is not sufficient to warrant or support the verdict.

Defendant, a manufacturer of ornamental iron work, occupied the second story and a portion of the first of a two story building which fronted on a public alley. At the second floor was a door six feet wide. Two feet below the door was a shelf or platform two feet wide projecting from and fastened to the wall of the building. Some feet above the door was a pipe for the escape of exhaust steam from the engine. The platform and exhaust pipe were in place when appellant took possession of the premises it occupied, and the engine and boiler were in the possession of and were operated by the owner of the building. The Otis Company was a customer of appellant and in the habit of receiving goods from defendant at its factory through said door and platform, and plaintiff was in the service of the Otis Company. Above the door a beam projected from the building and appellant had provided a chain tackle for lowering goods from the door. To use the tackle a chain was thrown over the beam and the tackle hooked into the chain. When not in use the tackle and chain were removed from the beam and kept in the factory near the front door. There was evidence tending to show that appellant had used the tackle; that some of the employes of the Otis Company had also used it before the day of the accident, but none to show that plaintiff or any of the employes of the Otis Company who were with him at the time of his injury had ever used the tackle or knew that appellant had any such tackle. On the day of the accident the Otis Company sent its wagon and six of its employes to appellant's factory for a box of iron weighing about 800 pounds. The box was about 7 feet long, 5 feet wide, and 12 inches deep. The wagon was placed under the door and the box brought by the employes of

the Otis Company to the door.  The platform was four feet above the bed of the wagon.  In cold weather the exhaust steam was condensed into spray which fell on the platform, and as a result in such weather the platform was coated with ice.  It was so coated on the day in question and had been for some days before that time, but plaintiff testified that he did not observe any ice on the platform, although the other employes of the Otis Company who were with him testified that they saw it.  Two of the company's employes were placed at the door to shove the box out, tilt and lower it so that the lower end or corner would rest on the platform.  The other four men, one of whom was the plaintiff, were placed in the wagon to take hold of the box as it was lowered.  It was intended that when the box rested on the platform the men on the wagon should take new holds on the box so that it might be lowered slowly to the wagon.  The lower end or corner of the box struck the platform six inches from the outer edge and instantly slid forward to the edge of the platform, the men on the wagon were unable to get new holds on the box and it fell rapidly until its end struck the wagon, when it fell over on its side, striking and injuring the plaintiff.  Plaintiff testified that he had not before assisted in lowering a box at appellant's factory.  The other employes of the Otis Company who were called as witnesses testified that the box was lowered on the day in question in the same manner that they had lowered other boxes, except that always before the box had rested on the platform until they could take fresh holds of it.

Appellant owed to its customers the duty to use reasonable care to provide reasonably safe means and appliances for the removal of articles manufactured by it for such customers, and manifestly owed to the employes of a customer the same duty that it owed to a customer.

In the opinion of the majority of the court, the jury might from the evidence properly find that the means

and appliances used by the employes of the appellant for the removal of the box in question were means and appliances furnished by appellant to the Otis Company for the removal of said box, although it appears that other and safer means were provided for that purpose by appellant, of which, however, neither plaintiff nor any of the other employes of the Otis Company who were with him at the time of his injury had any notice or knowledge, and might further find: that the platform, coated with ice as it was on the day of the accident, was not a reasonably safe appliance, and that the defendant was guilty of negligence in respect thereto which directly contributed to plaintiff's injury, and further: that the jury might also properly find that the plaintiff was in the exercise of reasonable care for his own safety.    The judgment will therefore be affirmed.

*Affirmed.*

MR. JUSTICE HOLDOM dissenting.